**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number *(if known)* _____  Chapter  **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Arsynco, Inc.** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **22-1867392** |

| **4.** | **Debtor's address** | **Principal place of business**<br><br>**Park 80 West - Plaza I**<br>**250 Pehle Avenue**<br>**Suite 601**<br>**Saddle Brook, NJ 07663**<br>Number, Street, City, State & ZIP Code<br><br>**Bergen**<br>County | **Mailing address, if different from principal place of business**<br><br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
|---|---|---|---|

| **5.** | **Debtor's website** (URL) | |
|---|---|---|

| **6.** | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
|---|---|---|

Debtor **Arsynco, Inc.** Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ☑ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☑ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **See attached rider** | Relationship | _____ |
| District | **New Jersey** | When _____ | Case number, if known _____ |

Debtor  **Arsynco, Inc.**  Case number (*if known*)
        Name

| 11. | Why is the case filed in *this district*? | *Check all that apply:* |
|---|---|---|
| | | ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name  _____
        Phone  _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49                 ☐ 1,000-5,000         ☐ 25,001-50,000
☐ 50-99                ☐ 5001-10,000         ☐ 50,001-100,000
☐ 100-199              ☐ 10,001-25,000       ☐ More than 100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000              ☑ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million    ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000              ☑ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million    ☐ More than $50 billion

Debtor  **Arsynco, Inc.**                                                Case number (*if known*)
        Name

| | |
|---|---|
| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **02/19/2019**
              MM / DD / YYYY

**X** */s/ Rebecca A. Roof*                                **Rebecca A. Roof**
Signature of authorized representative of debtor            Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

**X** */s/ Kenneth A. Rosen*                               Date  **02/19/2019**
Signature of attorney for debtor                                  MM / DD / YYYY

**Kenneth A. Rosen**
Printed name

**Lowenstein Sandler LLP**
Firm name

**One Lowenstein Drive**
**Roseland, NJ 07068**
Number, Street, City, State & ZIP Code

Contact phone  **973.597.2500**         Email address  **krosen@lowenstein.com**

**NJ 002160-1979 NJ**
Bar number and State

# **RIDER 1**

## **LIST OF DEBTORS**

On February 19, 2019, each of the affiliated entities listed below (the "Debtors") filed a voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of Aceto Corporation

Aceto Corporation
Aceto Agricultural Chemicals Corporation
Aceto Realty LLC
Rising Pharmaceuticals, Inc.
Rising Health, LLC
Acetris Health, LLC
PACK Pharmaceuticals, LLC
Arsynco, Inc.
Acci Realty Corp.

**Fill in this information to identify the case:**

Debtor name __Arsynco, Inc.__

United States Bankruptcy Court for the: __DISTRICT OF NEW JERSEY__

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☑ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    List of Equity Holders and Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/19/2019__    X */s/ Rebecca A. Roof*
Signature of individual signing on behalf of debtor

**Rebecca A. Roof**
Printed name

**Chief Financial Officer**
Position or relationship to debtor

**Fill in this information to identify the case:**

**Fill in this information to identify the case:**
Debtor Name: Aceto Corporation, et al.
United States Bankruptcy Court for the: District of New Jersey             ☐   Check if this is an Amended Filing

**CASE NUMBER (if known):**

## Official Form 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Holding 30 Largest Unsecured Claims and Are Not Insiders**  12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|
| | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Citibank, N.A.**<br>Address Listing #1:<br>480 Washington Blvd., 18th Floor Jersey City, N.J. 07310<br>Attention: Agency and Trust<br>Address Listing #2:<br>388 Greenwich Street 14th Floor<br>New York, NY 10013<br>Attention: Agency & Trust | Unsecured Convertible Notes | | | | $143,750,000 |
| **Aurobindo Pharma Ltd**<br>6 Wheeling Road Dayton, NJ 08810 US | Trade Debt | | | | $40,979,501 |
| **Thinq Pharma**<br>111 North Bridge Road 16-04 Peninsula Plaza 179098 SG | Trade Debt | | | | $7,495,726 |
| **Aurolife Pharma LLC**<br>6 Wheeling Road Dayton, NJ 08810 US | Trade Debt | | | | $6,660,474 |
| **Walgreens - FTS "Settlement"**<br>104 Wilmot Road, Ms# 1425 Deerfield, IL 60015 US | Customer Obligations | | | | $3,591,312 |
| **Apicore LLC**<br>49 Napoleon Court Somerset, NJ 08873 US | Trade Debt | | | | $2,273,030 |
| **Ricon Pharma LLC**<br>100 Ford Road Suite 9 Denville, NJ 07834 US | Trade Debt | | | | $1,798,862 |
| **Ingenus**<br>140 New Dutch Lane Fairfield, NJ 07004 US | Trade Debt | | | | $1,368,910 |
| **Natco Pharma Ltd**<br>2 Road Banjara Hills Hyderabad 500034 IN | Trade Debt | | | | $1,305,145 |
| **OIC, LLC.**<br>7500 Flying Cloud Drive Eden Prairie, MN 55344 US | Trade Debt | | | | $1,023,215 |
| **Lyne**<br>10 Burke Drive Brockton, MA 02301 US | Trade Debt | | | | $953,900 |
| **Validus Pharmaceutical**<br>119 Cherry Hill Rd. Suite 310 Parsippany, NJ 07054 US | Trade Debt | | | | $790,755 |
| **FDC LIMITED**<br>142-48 S.V. Road Jogeshwari (W) Mumbai 400 102 IN | Trade Debt | | | | $690,775 |
| **Time-Cap Labs Inc.**<br>7 Michael Ave Farmingdale, NY 11735 US | Trade Debt | | | | $635,168 |
| **BI Nutraceuticals**<br>120 Hoffman Lane Willow Island, WV 26134 US | Trade Debt | | | | $416,858 |
| **American Regent, Inc.**<br>5 Ramsey Rd Shirley, NY 11967 US | Trade Debt | | | | $392,356 |
| **Virupaksha Organics Ltd.**<br>Village, Jinnaram Mandal Medak District Telangana 502319 IN | Trade Debt | | | | $363,980 |
| **Divi's Laboratories Limited**<br>Divi Towers 7-1-77/E/1/303 Dharam Karan Road Hanegev 85455 IN | Trade Debt | | | | $348,000 |
| **Chem-Inter Corporation**<br>8-4, 2-Chome, Kanda Tsukasa- Cho Chidoda-Ku Tokyo 10110048 JP | Trade Debt | | | | $337,299 |
| **Contract Pharmacal Corp.**<br>135 Adams Avenue Hauppauge, NY 11788 US | Trade Debt | | | | $297,272 |

**Fill in this information to identify the case:**

**Fill in this information to identify the case:**
**Debtor Name:** Aceto Corporation, et al.
**United States Bankruptcy Court for the:** District of New Jersey                ☐ Check if this is an Amended Filing
**CASE NUMBER (if known):**

## Official Form 204
Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Holding 30 Largest Unsecured Claims and Are Not Insiders   12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|
| | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Appco Pharma LLC<br>120 Belmont Drive Somerset, NJ 08873 US | Trade Debt | | | | $290,505 |
| United Phosphorous<br>630 Freedom Center King of Prussia, PA 19408 US | Trade Debt | | | | $288,792 |
| Invagen Pharmaceuticals, Inc<br>7 Oser Ave Hauppauge, NY 11788 US | Trade Debt | | | | $272,681 |
| Aurobindo Pharma USA<br>6 Wheeling Road Dayton, NJ 08810 US | Trade Debt | | | | $259,923 |
| Omnichem N.V.<br>Cooppallaan 91 Westerhorn 25364 DE | Trade Debt | | | | $259,387 |
| Archon Vitamin Corp.<br>3775 Park Ave. Unit 1 Edison., NJ 08820-2505 US | Trade Debt | | | | $256,022 |
| Alembic Pharmaceuticals Limited<br>Alembic Road Vadodara Gujarat 390003 IN | Trade Debt | | | | $255,000 |
| Bodal Chemicals Ltd.<br>Plot No. 123-124, Phase -I, Gidc, Vatva, Ahmedabad Gujarat 382445 IN | Trade Debt | | | | $241,766 |
| Murty<br>518 Codell Drive Lexington, KY 40509 US | Trade Debt | | | | $220,508 |
| Sakai Trading New York Inc.<br>10 Grand Central 155 East 44Th Street, 16th Floor New York, NY 10017 US | Trade Debt | | | | $213,010 |

**Footnotes**

1. The information contained herein shall not constitute an admission of liability by, nor shall it be binding on, the Debtor. The information contained herein, including the failure by the Debtor to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtor's right to contest the validity, priority or amount of any claim. Additionally, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the "Consolidated List of Creditors Holding 30 Largest Unsecured Claims" have been completed. Therefore, the listing does not and should not be deemed to constitute: (1) waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtor.

**United States Bankruptcy Court**
**District of New Jersey**

In re  **Arsynco, Inc.**
Debtor(s)

Case No.
Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Aceto Corporation<br>4 Tri Harbor Court<br>Port Washington, NY 11050 | | | 100% of equity interests |

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **02/19/2019**       Signature  */s/ Rebecca A. Roof*
**Rebecca A. Roof**
**Chief Financial Officer**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### District of New Jersey

In re **Arsynco, Inc.**

Debtor(s)

Case No.

Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULES 1007(a)(1) and 7007.1)

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Arsynco, Inc.** in the above captioned action, certifies that the following is a corporation that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 1007 (a)(1) and 7007.1:

**Aceto Corporation
4 Tri Harbor Court
Port Washington, NY 11050**

☐ None [*Check if applicable*]

**02/19/2019**
Date

*/s/ Kenneth A. Rosen*
**Kenneth A. Rosen**
Signature of Attorney
Counsel for **Arsynco, Inc.**
**Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068
973.597.2500 Fax:973.597.2400**

# ARSYNCO, INC.

## OMNIBUS RESOLUTIONS

### February 17, 2019

Effective as of the date written above, the undersigned members of the board of directors, members (collectively, the "***Board***") of Arsynco, Inc. (the "***Company***") **HEREBY CONSENT** to the taking of the following actions and **HEREBY ADOPT** the following resolutions by unanimous written consent (this "***Written Consent***") pursuant to the Company's bylaws or limited liability company agreement, as applicable, and the applicable laws of the jurisdiction in which the Company is organized:

### Chapter 11 Filing

WHEREAS, the Board has considered presentations by the management and the financial, legal and other advisors of the Company regarding the financial condition, results of operations, cash flows, liquidity, prospects and other metrics relevant to the Company's business, the strategic alternatives available to the Company and the effect of the foregoing on the Company; and

WHEREAS, the Board has consulted with the management and the financial, legal and other advisors of the Company and fully considered each of the strategic alternatives available to the Company and the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief (the "***Chapter 11 Case***") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "***Bankruptcy Court***"); AND BE IT FURTHER

**RESOLVED**, that the officers of the Company (the "***Authorized Officers***"), be, and each of them hereby is, authorized to cause the Company to file such a voluntary petition in the Bankruptcy Court; AND BE IT FURTHER

**RESOLVED**, that the Authorized Officers, be, and each of them hereby is, authorized, empowered and directed to execute and file on behalf of the Company all motions, papers, documents, or other filings, and to take any and all action that they deem necessary or proper to effect the foregoing resolutions, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

**Retention of Professionals**

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed to cause the Company to employ, subject to Bankruptcy Court approval, the law firm of Lowenstein Sandler LLP ("***Lowenstein***") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including the preparation and filing of any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Lowenstein; AND BE IT FURTHER

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed to cause the Company to employ, subject to Bankruptcy Court approval, the international law firm of Simmons & Simmons ("***Simmons***") as special foreign counsel to represent and assist the Company in carrying out its duties in connection with possible foreign matters and proceedings related, directly or indirectly, to the Chapter 11 Case, and to take any and all actions to advance the Company's rights and obligations in such foreign matters and proceedings, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Simmons; AND BE IT FURTHER

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed to cause the Company to employ, subject to Bankruptcy Court approval, the firm PJT Partners LP ("***PJT***") as investment banker and financial advisor to, among other things, assist the Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by the Board, creditors, or other third parties, in each case, as requested by the Board or by management of the Company, evaluating the Company's capital structure, responding to issues related to the Company's financial liquidity, and assisting in any financing, sale, reorganization, business combination, or similar disposition of the Company's assets; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of PJT; AND BE IT FURTHER

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed to cause the Company to employ, subject to Bankruptcy Court approval, the firm AP Services LLC ("***APS***") to provide restructuring services including, among other things, providing the Company with a chief financial officer ("***CFO***"), Rebecca Roof, and additional personnel to support the CFO and assist the Company in evaluating its business and prospects, developing a business plan, developing financial data for evaluation by the Board, creditors, or other third parties, in each case, as requested by the Board or by management of the Company, evaluating the Company's capital structure,

responding to issues related to the Company's financial liquidity, and assist in any financing, sale, reorganization, business combination, or similar disposition of the Company's assets; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of APS; AND BE IT FURTHER

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed to cause the Company to employ, subject to Bankruptcy Court approval, the firm of Prime Clerk ("***Prime Clerk***") as notice and claims agent and administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Prime Clerk; AND BE IT FURTHER

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed to cause the Company to employ, subject to Bankruptcy Court approval, any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; AND BE IT FURTHER

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case;

**General**

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon each of the Authorized Officers, the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and

**RESOLVED**, that the Authorized Officers (and their designees and delegates) be, and each of them hereby is, authorized and empowered to take all actions, or to not take any action in the name of the Company, with respect to all matters contemplated by these resolutions, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the foregoing resolutions.

* * * * * * * * * * * * *

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
William C. Kennally, III, Director


_____
Michael DiBello, Director

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
William C. Kennally, III, Director

_____
Michael DiBello, Director